## HAMBLETON'S EX'R. vs. HAYWARD.

1819.

Hambleton
vs
Hayward

JUNE (E. S.)

**It is in the power of a debtor to sell and convey his property, and to deliver possession, and such sale, if *bona fide*, is valid.**

**The execution of a bill of sale of personal property, acknowledged and recorded agreeably to the act of 1729, *ch* 8, vests in the party the same interest he would have obtained, if the possession had accompanied the sale.**

**If a bill of sale is executed *bona fide*, the possession of the property by the vendor, of itself, under the act of 1729, *ch* 8, will not render it fraudulent and void.**

*Appeal* from *Talbot* County Court. A writ of *scire facias* issued on the 29th of April 1816, against the appellant, as executor of *Philemon Hambleton*, deceased, on a judgment obtained in that court by the appellee against the deceased in his life-time, in November 1811. The defendant, (the appellant,) plead three pleas. 1. *Ne unques executor.* 2. *No assets;* and 3. *Plene administravit.* The plaintiff, (the appellee,) replied the general replications to each of the pleas, and issues were joined. At the trial the defendant gave in evidence a bill of sale, duly acknowledged and recorded, made and executed, on the 30th of November 1810, in consideration of $590, by *Philemon Hambleton*, to the defendant, of certain negro slaves and other personal property, consisting of horses, cows, sheep, &c. on the farm on which the vendor lived. The plaintiff then gave in evidence that the debt for which the judgment mentioned in the writ of *scire facias* was rendered, had become due prior to the execution of the

said bill of sale, and was due and existing at the time of its execution, and that the said negroes, and other property, remained in the possession and use of *Philemon Hambleton,* from the time of the execution of the bill of sale to his death, which happened in 1813; and that *Philemon Hambleton* died intestate, after whose death two of the negroes, namely *Jacob* and *Patt,* came to the hands and possession of the defendant, and were sold and disposed of by him. The plaintiff then contended before the court, that the bill of sale was fraudulent and void as to the plaintiff's claim, and the claims of all the creditors of *Philemon Hambleton,* whose debts became due prior to its execution, and existed at the time of its execution, inasmuch as *Philemon Hambleton* had remained in possession of the property as aforesaid, although the bill of sale had been acknowledged and recorded according to the provisions of the act of assembly of 1729, *ch.* 8, *s.* 5; and moved the court, upon the evidence, to direct the jury to that effect. And the Court, [*Earle,* Ch. J. and *Worrell,* A. J.] were of opinion, and so directed the jury, that the bill of sale was fraudulent and void as to the plaintiff's claim, and the claims of the other creditors of *Philemon Hambleton,* whose debts became due prior to the execution of the bill of sale, and existed at the time of the execution thereof, if in fact the property had remained as aforesaid in the possession and use of *Philemon Hambleton,* although the bill of sale had been acknowledged and recorded agreeably to the provisions of the said act of assembly. The defendant excepted. Verdicts for the plaintiff on the issues to the *first* and *second* pleas, and on the issue to the *third* plea *plene administravit,* except to the value of, &c. and that the sum of, &c. and costs, in the writ of *scire facias* mentioned, were justly due, &c. *Fiat* was entered for the said sum, &c. to be levied of the goods and chattels which were of the said *Philemon,* &c. to the value of the unadministered assets, and of assets *in futuro,* &c. From that judgment the defendant appealed to this court.

The cause was argued before CHASE, Ch. J. and JOHNSON, MARTIN, and DORSEY, J.

*Goldsborough* and *Harrison,* for the Appellant. It is not stated that the bill of sale was executed with a fraudulent intention—the consideration was not called in question, nor is it stated that all the property, of which the vendor was possessed, had been conveyed. The question is, whether a bill of sale of personal property made to secure a debt, if the vendor retains possession of the property, is void as to creditors? At common law possession must accompany the sale. *Twyne's* Case, 3 *Coke,* 80. Possession remaining in the vendor is a *badge of fraud. Bulst.* 213. The possession by the vendor was *per se* fraudulent, and the vendee was not permitted to go into evidence

to account for the vendor's possession. *Edwards vs. Harben*, 2 *T. R.* 587. Until this decision it never had been determined that the vendor's possession was *per se* fraudulent. The act of 1729, *ch.* 8, § 5, substitutes the recording of the bill of sale for the possession, and it recognizes the common law, that the vendor's possession of itself did not defeat the bill of sale. It makes it void in future if it is not recorded as directed by that act. A bill of sale, where possession is delivered, is valid. It is the same under the act of assembly when acknowledged and recorded. They referred to *Hamilton vs. Russell*, 1 *Cranch*, 309, decided under the laws of *Virginia*. A vendee has a right to secure his debt, and a debtor may honestly prefer a creditor. *Holberd vs. Anderson*, 5 *T. R.* 235. *Estwick vs. Caillaud, Ibid* 420. *Nun & Ladbrooke vs. Wilsmore*, 8 *T. R.* 528. When the act of 1729 passed, the legislature considered the retaining possession as only *prima facie* evidence of fraud. That act made it absolute, unless the deed was recorded. The retaining of possession is only *prima facie* evidence of fraud. *Meggott vs. Mills*, 1 *Ld. Raym.* 286. *Cadogan vs. Kennett*, 2 *Cowp.* 432. *Barrow vs. Paxton*, 5 *Johns. Rep.* 258. *Beals vs Guernsey*, 8 *Johns. Rep.* 446. If the retaining possession was of itself conclusive evidence of fraud, there was no necessity for the act of 1729.

*Bullitt*, for the Appellee. The bill of sale is fraudulent as to creditors under the statute of 13 *Eliz. ch.* 5, being an absolute bill of sale, and the possession of the property retained by the vendor. It was not *bona fide*, because the possession was retained. The law implied a secret trust for the benefit of the vendor, and that trust made the conveyance void. 3 *Bac. Ab.* tit. *Fraud,* (C.) *Twyne's* Case, 3 *Coke*, 80. *Edwards vs. Harben*, 2 *T. R.* 587. The act of 1729, *ch.* 8, was not intended to affect the *prior*, but *subsequent creditors*. Against the last the deed is valid if acknowledged and recorded, but it is not so as to former creditors. A deed of gift, if acknowledged and recorded, is valid against subsequent creditors.

CHASE, Ch. J. delivered the opinion of the court. At the time when the act of 1729, *ch.* 8, passed, it was in the power of debtors to make secret conveyances of property, and retain the possession, and although such possession presented grounds of suspicion against them, yet of itself it was not sufficient to authorise decisions against them as fraudulent. At that time, and now, it is in the power of debtors to sell and convey their property, and to deliver the possession; and such sales, if *bona fide*, are valid.

The act of 1729, *ch.* 8, was intended that speedy information should be given to every person of any transfer of personal property, when the party transferring the right retained the possession; such possession, unless the deed was

acknowledged and recorded, of itself, as to creditors and subsequent purchasers, defeated the first conveyance.

The execution of the bill of sale, its acknowledgment and recording, vests in the party the same interest he would have obtained if the possession had accompanied the transfer of the right.

The court are, therefore, of opinion, that if the bill of sale, in the bill of exceptions mentioned, was *bona fide* executed, that the possession of the property contained in it, by the vendor, of itself, under the act of 1729, *ch.* 8, will not render it fraudulent and void.

MARTIN, J. dissented.

JUDGMENT REVERSED.